Mr. Spencer Honey, Director AR Health Services Agency Freeway Medical Tower, Suite 805 5800 West 10th Street Little Rock, AR 72204
Dear Mr. Honey:
You have requested an Attorney General's opinion in response to the following questions:
 (1) Does the Health Services Commission under Act 593 of 1987 [A.C.A. § 20-8-101 et seq.], or any other statutory authority, have the authority to require a permit of approval for the establishment of a psychiatric residential treatment facility?
 (2) If the answer to the above is "yes," then does the aforementioned Act or statutes, or any other statutory authority, require the Child Welfare Agency Review Board to issue a license only when and after a permit of approval has been obtained by the party seeking license?
 (3) If the answers to Questions 1 and 2 above are "yes," is a Psychiatric residential treatment facility license issued without a permit of approval and after the effective date of Act 593 of 1987 legal and valid?
RESPONSE
Question 1 — Does the Health Services Commission under Act 593 of 1987[A.C.A. § 20-8-101 et seq.], or any other statutory authority, have theauthority to require a permit of approval for the establishment of apsychiatric residential treatment facility?
It is my opinion that under Act 593 of 1987 [A.C.A. § 20-8-101 et seq.], the Health Services Commission not only has the authority to require a permit of approval for the establishment of a psychiatric residential treatment facility, but it must require such facilities to have permits of approval to operate.
All "health facilities" must apply to the Health Services Agency for permits of approval to operate. See A.C.A. § 20-8-107; -103; -104. The term "health facility" is defined in A.C.A. § 20-8-101(6)(A) to mean a "`long-term care facility' as defined by A.C.A. § 20-10-101(7)." The term "long-term care facility is defined by A.C.A. § 20-10-101(7) to mean "a nursing home, residential care facility, post-acute head injury retraining and residential care facility, or any other facility which provides long-term medical or personal care[.]"
The question, therefore, is whether a "psychiatric residential treatment facility" constitutes a "long-term care facility" as defined above. It is my opinion that it does.[1]
The only references in the Arkansas Code to "psychiatric residential treatment facilities" occur in the set of statutes that govern the Child Welfare Agency Review Board. Those statutes define the term "psychiatric residential treatment facility" as follows:
 "Psychiatric residential treatment facility" means a residential child care facility in a nonhospital setting that provides a structured, systematic, therapeutic program of treatment under the supervision of a psychiatrist, for children who are emotionally disturbed and in need of daily nursing services, psychiatrist's supervision and residential care, but who are not in an acute phase of illness requiring the services of an inpatient psychiatric hospital.
A.C.A. § 9-28-402(16).[2]
The above-quoted definition of "psychiatric residential treatment facility" clearly indicates that such facilities fall within the definition of "long-term care facilities," as defined by A.C.A. §20-10-101(7), quoted previously. More specifically, such facilities are, by definition, facilities that provide long-term medical and personal care. They therefore constitute the type of "long-term care facility" that is subject to the jurisdiction of the Health Services Commission, and must apply for permits of approval in order to operate [unless they fall within one of the statutory exceptions — see A.C.A. §20-8-101(6)(B)(C)].[3]
Because the Health Services Commission has the ultimate authority to grant or deny permits of approval, see A.C.A. § 20-8-103(f), and because permits of approval are required by law for psychiatric residential treatment facilities, I must conclude that the Health Services Commission must require psychiatric residential treatment facilities to have permits of approval in order to operate.
Question 2 — If the answer to the above is "yes," then does theaforementioned Act or statutes, or any other statutory authority, requirethe Child Welfare Agency Review Board to issue a license only when andafter a Permit of Approval has been obtained by the party seekinglicense?
It is my opinion that the statutes governing the Child Welfare Agency Review Board's issuance of licenses do indicate that licenses should be granted only to those entities that have all required permits. If an entity who applies to the Child Welfare Agency Review Board for a license is an entity that is required to obtain a permit of approval from the Health Services Agency (such as a psychiatric residential treatment facility, as discussed in response to Question 1), it is my opinion that the Child Welfare Agency Review Board should not issue a license to that entity if the entity has not obtained the required permit of approval.
My conclusions regarding this matter are based upon the provisions of A.C.A. § 9-28-407(a). That statute states:
 (a) It shall be unlawful for any person, partnership, group, corporation, association, or other entity or identifiable group of entities having a coordinated ownership of controlling interest, to operate or assist in the operation of a child welfare agency which has not been licensed by the board from licensing pursuant to this subchapter. This license shall be required in addition to any other license required by lawfor all entities that fit the definition of a child welfare agency and not specifically exempted.
A.C.A. § 9-28-407(a) (emphasis added).
Although the Child Welfare Agency Review Board is not specifically prohibited from issuing a license to an entity who has not obtained all other licenses required by law, the above-quoted provision clearly indicates that the obtaining of a license from the Child Welfare Agency Review Board will not excuse any entity from obtaining all other required licenses. I cannot conclude that this lack of a specific prohibition on the issuance of licenses is equivalent to a grant of authority to the Child Welfare Agency Review Board to grant licenses to entities that are otherwise disqualified by law from operating due to a failure to obtain a required license. On the contrary, it is my opinion that the provision quoted above indicates an intent that the Child Welfare Review Board specifically recognize the license and permit requirements of other provisions of law that may apply to entities who have applied to the Board for licenses.
I therefore conclude that the Child Welfare Agency Review Board should not grant a license to an entity that has failed to obtain another license that is required by law.
Question 3 — If the answers to Questions 1 and 2 above are "yes," is apsychiatric residential treatment facility license issued without a permitof approval and after the effective date of Act 593 of 1987 legal andvalid?
It is my opinion that a psychiatric residential treatment facility which has not obtained the required permit of approval from the Health Services Commission cannot operate without violating the law, despite the fact that it has obtained a license from the Child Welfare Agency Review Board.
As noted in response to Question 2, the statutes governing the Child Welfare Agency Review Board's authority to grant licenses do not specifically prohibit the Board from issuing licenses to entities who have not obtained other required licenses and permits (although those statutes do impose a responsibility on the Board to recognize the requirement of those other licenses). Therefore, the grant of a license by the Child Welfare Agency Review Board is not strictly contingent on the grant of a license by any other entity. Accordingly, the strict legality, in and of itself, of a license issued by the Child Welfare Agency Review Board will not be affected by the lack of another required license.
Nevertheless, if an entity such as a psychiatric residential treatment facility is required by law to obtain a permit of approval (or other license) and fails to do so, but does obtain a license from the Child Welfare Agency Review Board, that facility is, in my opinion, operating in violation of the law. This conclusion is based upon the provisions of A.C.A. § 9-28-407(a), discussed in response to Question 2. Again, that statute states:
 (a) It shall be unlawful for any person, partnership, group, corporation, association, or other entity or identifiable group of entities having a coordinated ownership of controlling interest, to operate or assist in the operation of a child welfare agency which has not been licensed by the board from licensing pursuant to this subchapter. This license shall be required in addition to any other license required by lawfor all entities that fit the definition of a child welfare agency and not specifically exempted.
A.C.A. § 9-28-407(a) (emphasis added).
As previously noted, this provision reflects a clear intent that the obtaining of a license from the Child Welfare Agency Review Board not excuse applicants from obtaining other licenses and permits that are required by law, such as a permit of approval from the Health Services Commission. Accordingly, while a license issued by the Child Welfare Agency Review Board under these circumstances is not, in and of itself, illegal or invalid, the entity to whom it is issued cannot operate legally without obtaining the required permit of approval.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh
[1] It should be noted that S.B. 784, currently pending in the 1999 General Assembly, would create a specific exception under which facilities and agencies licensed under A.C.A. § 9-28-401 et seq., such as "psychiatric residential treatment facilities, would not be deemed to fall within the meaning of A.C.A. § 20-10-101(7).
[2] Similarly, Health Services Commission Regulation 001 defines the term "psychiatric residential treatment facilities" as follows: "24-hour psychiatric residential treatment establishments with permanent facilities (other than psychiatric inpatient hospital) which provides a structured, systematic therapeutic program of treatment, under the supervision of a psychiatrist, for emotionally disturbed children and/or adolescents, six to twenty-one years of age, grouped in an age appropriate manner." HSC Regulation 001-Section II(P).
[3] The following facilities are not subject to the jurisdiction of the Health Services Agency:
 (B)(i) A "hospital", as defined by and licensed pursuant to § 20-9-201
(3), except when a hospital seeks to add long-term care beds or convert acute beds to long-term care beds or add home health services pursuant to a letter of intent filed with the Department of Health after February 15, 1993, or expand home health services pursuant to a letter of intent filed with the Department of Health after February 15, 1993;
(ii) Offices of private physicians and surgeons;
(iii) Outpatient surgery or imaging centers;
 (iv) Post-acute head injury retraining and residential care facilities or establishments operated by the federal government or any agency thereof;
(v) Free-standing radiation therapy centers;
 (vi) Expansion, not to exceed fifteen (15) beds, of the twenty-five (25) bed nonprofit intermediate care facility for the mentally retarded that provides transitional rehabilitation for pediatric patients;
 (vii) Residences for four (4) or fewer individuals with developmental disabilities who receive support and services from nonprofit providers currently licensed by the Division of Developmental Disabilities Services of the Department of Human Services; or
 (viii) Any facility which is conducted by and for those who rely exclusively upon treatment by prayer alone for healing in accordance with the tenets or practices of any recognized religious denomination.
 (C) The term "health facility" shall not include offices of private physicians and surgeons, outpatient surgery or imaging centers, establishments operated by the federal government or any of its agencies, free-standing radiation therapy centers, or any facility which is conducted by and for those who rely exclusively upon treatment by prayer alone for healing in accordance with the tenets or practices of any recognized religious denomination.
A.C.A. § 20-8-101(6)(B)(C). If a particular "psychiatric residential treatment facility" falls within any of the above-quoted exceptions, it will not be subject to the jurisdiction of the Health Services Agency.